The judgment of the court was pronounced by
Preston, J.
William Collins died in the latter part of the year 1844, leaving a widow and ten children. The plaintiff, one of the children, sues her mother for a tenth of her father’s estate. The estate consists of a small tract of land, a negro, and personal property, the whole estimated in the inventory at $3640. The whole is presumed by law, and indeed sufficiently proved, to be property belonging to the community which had existed between the defendant and her deceased husband.
The act of the 25th of March, 1844, provides, that in all cases when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will of his or her share in the community property, the survivor shall hold in usufruct, during his or her natural life, so much of the share of the deceased in the community property as may be inherited by the issue. The defendant has chosen to exercise her rights under this law ; and there is no case in which it could be more equitably claimed than when a widow is left with so small a fortune with which to provide for, in health and sickness, to clothe and educate, so many children.
The plaintiff contends that, at all events, she is entitled to a judgment declaring her to be the owner of the undivided tenth of her father’s estate. This appears to have been matter of notoriety, disputed by nobody, and least of all by her mother, the defendant; and no prescription against her undivided interest in the land and slave could run, as she feai-s, while in the enjoyment of her mother. '
The defendant opened the succession of her deceased husband, and may be required to liquidate it so as to establish the exact value of the estate after settlement, and thus to show the eventual interest of the plaintiff in the estate. An improper estimation or omission in the inventory, and indeed any errors in the administration, might be corrected in this settlement. The plaintiff is not entitled, since the passage of the act of 1844, to sue for or recover her interest in the community property of her father during the life or widowhood of her mother. And the record shows an entire willingness on behalf of the mother to liquidate the communily amicably.
The judgment of the district court is therefore affirmed, with costs.